UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 06-79-DCR |
| | ) | Civil Action No. 2: 11-7157-DCR |
| V. | ) | |
| | ) | |
| DAVID JENNINGS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Petitioner David Jennings' *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 90] Consistent with local practice, this matter was referred to United States Magistrate Judge J. Gregory Wehrman for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate udge filed his Report and Recommendation on May 25, 2011. [Record No. 106] Based on his review of the record and applicable law, the Magistrate Judge recommended that Jennings' motion be denied. Neither party has filed objections to the Magistrate Judge's recommendations.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the

right to appeal. *See id.* at 147–48; *Wright v. Holbrook*, 794 F.2d 1152, 1154–55 (6th Cir. 1986). In this case, Jennings has not objected to the magistrate judge's findings. Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the magistrate judge's recommendations.

In 2006, Jennings pleaded guilty to distributing cocaine and using property subject to forfeiture. [Record No. 19] After his first sentence was reversed on appeal, the case was reassigned to the undersigned. [Record Nos. 57, 58] In November 2008, the Court re-sentenced Jennings to a term of imprisonment of 120 months. [Record No. 72] While the sentence was significantly higher than his guideline range of 37–46 months, the Sixth Circuit affirmed. *See United States v. Jennings*, 407 F. App'x 20 (6th Cir. 2011). On February 3, 2011, Jennings filed the present motion to vacate pursuant to 28 U.S.C. § 2255. [Record No. 90] The United States moved for a more definite statement [Record No. 95] which the Court granted. [Record No. 96] On March 28, 2011, Jennings filed a more complete petition [Record No. 102].

Jennings' petition centers on the claim that he received ineffective assistance of counsel during the sentencing phase of his trial and on direct appeal. Jennings believes that his sentence of 120 months of incarceration was both procedurally and substantially unreasonable, and that Counsel's failure to either: (i) object to the sentence during sentencing; (ii) object during the *Bostic* inquiry; or (iii) sufficiently raise the issue on direct appeal, constituted ineffective assistance of counsel. Jennings contentions are without merit.

First, Jennings raised the underlying sentencing issue on direct appeal and was unsuccessful. *See Jennings*, 407 F. App'x at 21–22. The Sixth Circuit explained that Jennings' sentence was neither procedurally nor substantively unreasonable. *Id.* As that court noted:

> Also unavailing is Jennings' contention that the district court failed to explain its variance from the guidelines. At the hearing, the court thoroughly explained its reasons, noting (1) "the seriousness of the offense"—"drug-trafficking . . . for a number of years," (2) the need "to promote respect for the law" because "the sentences that have been imposed previously for [Jennings'] drug activities have not deterred him from criminal conduct," and (3) the court's obligation "to provide for a just punishment" and "to protect the public" from Jennings' future crimes given his history of recidivism. R.81 at 13-14.
> . . . .
>
> Jennings' final objection—that his sentence is substantively unreasonable—fails in light of the legitimate grounds given for this 120-month sentence and in light of the considerable discretion given district courts in fashioning a sentence. *See Gall v. United States, 552 U.S. 38, 56, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007)*. Case law requires us to consider the extent of a variance—here, roughly three times the guidelines range—in relation to the reasons given for it. *See id.* at 47; *United States v. Grossman*, 513 F.3d 592, 596 (6th Cir. 2008). Jennings, however, offers no reason why, based on all of the § 3553(a) factors, his ten-year sentence is too long. *See United States v. Vowell*, 516 F.3d 503, 510-11 (6th Cir. 2008); *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2007). Nor can we find one ourselves. . . . The court did not abuse its discretion in imposing this sentence.

*Id.* (alteration in original).

In light of the Sixth Circuit's holding that Jennings' sentence was neither procedurally nor substantively unreasonable, Jennings' counsel was not deficient for failing to object on such grounds. Failure to raise meritless arguments does not constitute ineffective assistance of counsel. *See, e.g.*, *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel."). Thus, Jennings' counsel's decision not to object to the sentence either during its announcement

or during the *Bostic* inquiry was not deficient. Even *if* it was, in light of the Sixth Circuit's holding, no prejudice resulted. Therefore, Jennings' claim fails both prongs of the well-settled test for ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that, to succeed in an ineffective-assistance claim, a defendant must show both deficient performance and that the deficient performance prejudiced the defense).

In conclusion, Jennings has failed to show that his counsel was ineffective. Jennings continues to believe that his 120-month sentence was both procedurally and substantially flawed, but both this Court and the Sixth Circuit have found otherwise. Nothing his counsel could have done could change that reality. Therefore, Jennings has failed to meet his burden of proving inadequate assistance of counsel and his § 2255 motion will be denied. Further, Jennings has not shown that a Certificate of Appealability should issue.[1] Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 106] is **ADOPTED** and **INCORPORATED** by reference.

2. Jennings' motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [Record No. 90] is **DENIED**.

---

1 A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). In the present case, Jennings has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

3.      A Certificate of Appealability shall not issue because Jennings has not made a substantial showing of the denial of any substantive constitutional right.

4.      This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 14th day of June, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge