UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 06-79-DCR |
| | ) | Civil Action No. 2: 11-7157-DCR |
| V. | ) | |
| | ) | |
| DAVID JENNINGS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Petitioner David Jennings' *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 90] Consistent with local practice, this matter was referred to United States Magistrate Judge J. Gregory Wehrman for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Report and Recommendation on May 25, 2011. [Record No. 106] Based on his review of the record and applicable law, the magistrate judge recommended that Jennings' motion be denied. As of the initial deadline for filing objections, neither party had filed objections to the Report and Recommendation. As a result, on June 14, 2011, the Court adopted the magistrate judge's recommendation and denied Jennings' motion. [Record No. 107] However, Jennings shortly thereafter filed a motion to reconsider, alleging that he had never been served a copy of Magistrate Judge Wehrman's Report and Recommendation. [Record No. 109] The Court granted Jennings' motion and allowed him additional time to file objections. [Record No. 110] On July 11, 2011, Jennings filed his objections to the Report and

-1-

Recommendation. [Record No. 114] The Court will now make a *de novo* determination on those portions of the magistrate judge's recommendations to which Jennings objects. 28 U.S.C. § 636(b)(1)(c). After reviewing the record and making a *de novo* determination, the Court is in agreement with the magistrate judge's recommendation.

In 2006, Jennings pleaded guilty to two counts: (1) distributing cocaine and (2) using property subject to forfeiture. [Record No. 19] After his first sentence was reversed on appeal, the case was reassigned to the undersigned. [Record Nos. 57, 58] In November 2008, the Court re-sentenced Jennings to a term of imprisonment of 120 months. [Record No. 72] While the sentence was significantly higher than his guideline range of 37–46 months, the Sixth Circuit affirmed. *See United States v. Jennings*, 407 F. App'x 20 (6th Cir. 2011). On February 3, 2011, Jennings filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. [Record No. 90] The United States moved for a more definite statement [Record No. 95], the Court granted the United States' motion [Record No. 96], and, on March 28, 2011, Jennings filed a more complete petition [Record No. 102].

Jennings' objections repeatedly assert the same claim: that Jennings' counsel was ineffective at both sentencing and re-sentencing because he failed to file a sentencing memorandum and adequately argue the 18 U.S.C. § 3553(a) factors. [Record No. 114, p. 5 (noting that "Defendant requested counsel Fessler to file a sentencing memorandum and raise a number of arguments regarding his application of 18 U.S.C. § 3553(a) factors, but these arguments went 'unmentioned and unaddressed'"); p. 5–6 ("Defendant argues that his counsel was ineffective when he failed to argue his requested arguments in his sentencing memorandum

regarding application of Title 18 U.S.C. § 3553(a) factors"); p. 8 ("Finally, counsel Fessler's failure to file a sentencing memorandum before resentencing raising the Defendant's requested aplication [sic] title 18 U.S.C. § 3553(a) factors and his ignorance of the law, his misrepresentations certainly fell below an objective standard of reasonableness under prevailing professional norms."); p. 10 (alleging that factors under 18 U.S.C. § 3553(a)(6) and (a)(9) — the kinds of sentencing available and the need to avoid unwarranted sentencing disparities — went "unmentioned and unaddressed")]. Additionally, when giving Jennings' objections their most liberal construction, *see Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)), he appears to also argue that his sentence was substantively and procedurally unreasonable.

As an initial matter, Jennings raised the reasonableness of his sentence on direct appeal and lost. *See Jennings*, 407 F. App'x at 21–22. The Sixth Circuit concluded that Jennings' sentence was neither procedurally nor substantively unreasonable. *Id.* The court explained:

> Also unavailing is Jennings' contention that the district court failed to explain its variance from the guidelines. At the hearing, the court thoroughly explained its reasons, noting (1) "the seriousness of the offense"—"drug-trafficking . . . for a number of years," (2) the need "to promote respect for the law" because "the sentences that have been imposed previously for [Jennings'] drug activities have not deterred him from criminal conduct," and (3) the court's obligation "to provide for a just punishment" and "to protect the public" from Jennings' future crimes given his history of recidivism. R.81 at 13-14.
> . . . .
> Jennings' final objection—that his sentence is substantively unreasonable—fails in light of the legitimate grounds given for this 120-month sentence and in light of the considerable discretion given district courts in fashioning a sentence. *See Gall v. United States, 552 U.S. 38, 56, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007)*. Case law requires us to consider the extent of a variance—here, roughly three times the guidelines range—in relation to the reasons given for it. *See id.* at 47; *United States v. Grossman*, 513 F.3d 592, 596 (6th Cir. 2008). Jennings, however,

> offers no reason why, based on all of the § 3553(a) factors, his ten-year sentence is too long. *See United States v. Vowell*, 516 F.3d 503, 510-11 (6th Cir. 2008); *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2007). Nor can we find one ourselves. . . . The court did not abuse its discretion in imposing this sentence.

*Id.* (alteration in original). Arguments that were previously raised on direct appeal may not be relitigated in a § 2255 motion absent exceptional circumstances. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *see also Giraldo v. United States*, 54 F.3d 776 (6th Cir. 1995) ("It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law."). No such circumstances exist in this case. Jennings' arguments concerning the reasonableness of his sentence are procedurally barred.

To establish ineffective assistance of counsel Jennings must demonstrate, as established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), two essential elements: (1) his attorney's performance was deficient, *i.e.*, below the standard of competence demanded of attorneys in criminal cases; and (2) his attorney's deficient performance prejudiced the defense, *i.e.* deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id.* at 687–88. Jennings has failed to meet the second element — he has not demonstrated any prejudice as a result of his counsel's performance.

First, failing to file a sentencing memorandum is not, as Jennings argues, a "per se violation of the Sixth Amendment." [Record No. 114, pp. 8–9] Numerous courts, both within this circuit and outside, have held that counsel's performance was not inadequate when he or she failed to file a sentencing memorandum. *See, e.g.*, *United States v. Mack*, 219 F. App'x 456, 462–64 (6th Cir. 2007) (denying habeas petition despite fact that counsel "failed to file a

sentencing memorandum arguing how the 18 U.S.C. § 3553(a) factors should have been analyzed and applied"); *Reid v. United States*, No. 10-583, 2010 U.S. Dist. LEXIS 100253, at *31 (E.D. Mo. Sept. 23, 2010) ("The failure to file a sentencing memorandum is not, in and of itself, ineffective assistance of counsel."); *United States v. Brito*, 2009 U.S. Dist. LEXIS 108485, at *15–16 (S.D. Tex. Nov. 20, 2009) (rejecting argument that "failure to file a sentencing memorandum is per se ineffective assistance" and stating that "[t]here is no requirement before this Court . . . that a defendant file a written sentencing memorandum prior to sentencing"); *United States v. Gomez*, 100 F. Supp. 2d 1038, 1045 (D.S.D. 2000) (failure to file sentencing memorandum is not ineffective assistance of counsel).

Second, Jennings does not identify specific information his counsel should have brought to light that would have altered the Court's conclusion. *See Davis v. United States*, No. 08-967, 2009 U.S. Dist. LEXIS 54453, at * (W.D. Mich. June 25, 2009) (denying claim for ineffective assistance when petitioner "fail[ed] to identify mitigating factors he contend[ed] should have been presented" at sentencing). "[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Id.* (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)). At best, Jennings vaguely mentions two specific factors — the kinds of sentencing available and the need to avoid unwarranted sentencing disparities — that he feels should have been addressed. [Record No. 114, p. 10] The Court specifically addressed the need to prevent sentencing disparities in its explanation of the sentence. [*See* Record No. 81, p. 14–15 ("Another important factor for the Court to consider is the need to avoid unwarranted sentencing disparities among defendants that have been found

guilty of similar conduct.")] As to the other factor — the types of sentences available — Jennings makes no argument that the Court was unaware of the types of sentences available, nor that any alternative form of sentence would have been appropriate in his case. "[D]istrict courts need not mechanically discuss every § 3553(a) factor at sentencing." *United States v. Wimbley*, 349 F. App'x 54, 57 (6th Cir. 2009); *see also United States v. Williams*, 436 F.3d 706, 708--09 (6th Cir. 2006) ("[T]his court has never required the ritual incantation of the factors to affirm a sentence."). Thus, by failing to point to specific evidence that was not brought to the Court's attention, Jennings has failed to show prejudice resulting from his attorney's conduct (even if it *was* deficient — which the Court has not said it was).

Finally, the record shows that the Court adequately considered the § 3553(a) factors in announcing its sentence. [*See* Record No. 81, pp. 13–16] The Court specifically mentioned a number of factors that informed its decision: the seriousness of the offense, deterrence, need to protect the public, the need to promote respect for the law, to provide for a just punishment, and to avoid unwarranted sentencing disparities. [*Id.*, pp. 13, 14] In light of such comprehensive consideration of the sentencing factors, Jennings has not shown that his counsel's failure to bring any individual factor to the Court's attention prejudiced his defense.

In conclusion, Jennings has failed to show that his counsel was ineffective. Jennings continues to believe that his 120-month sentence was both procedurally and substantially flawed, but both this Court and the Sixth Circuit have found otherwise. Nothing his counsel could have done could change that reality. Therefore, Jennings has failed to meet his burden of proving inadequate assistance of counsel and his § 2255 motion will be denied. Further, Jennings has

not shown that a Certificate of Appealability should issue.[1] Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 106] is **ADOPTED** and **INCORPORATED** by reference.

2. Jennings' Objections to the Report and Recommendation [Record No. 114] are **OVERRULED**.

3. Jennings' Motion to Vacate his sentence, pursuant to 28 U.S.C. § 2255, [Record No. 90] is **DENIED**.

4. A Certificate of Appealability shall not issue because Jennings has not made a substantial showing of the denial of any substantive constitutional right;

5. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 25th day of July, 2011.



---

1  A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). In the present case, Jennings has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.