UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 06-79-DCR |
| | ) | Civil Action No. 2: 11-7157-DCR |
| V. | ) | |
| | ) | |
| DAVID JENNINGS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Movant David Jennings' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 142] Because the current motion is a second or successive habeas petition under 28 U.S.C. § 2255, it will be transferred to the United States Court of Appeals for the Sixth Circuit in accordance with 28 U.S.C. § 2244[1] and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

In 2006, Jennings pleaded guilty to distributing cocaine and using property subject to forfeiture. [Record No. 19] After his first sentence was reversed on appeal, the case was reassigned to the undersigned. [Record Nos. 57, 58] In November 2008, the Court re-sentenced Jennings to a term of imprisonment of 120 months. [Record No. 72] The Sixth Circuit affirmed

---

1   Title 28 of the United States Code, Section 2244(a)(3)(A), provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

this sentence. *See United States v. Jennings*, 407 F. App'x 20 (6th Cir. 2011). On February 3, 2011, Jennings filed his first motion seeking relief under 28 U.S.C. § 2255.[2] [Record No. 90]

In his initial § 2255 motion, Jennings sought to challenge his sentence by arguing that his counsel was ineffective at sentencing and re-sentencing because he failed to file a sentencing memorandum and failed to effectively argue the 18 U.S.C. § 3553(a) sentencing factors. Jennings also asserted that his sentence was substantively and procedurally unreasonable, a contention that the Sixth Circuit had already rejected on direct appeal. [Record No. 115, p. 3] This Court denied Jennings' initial motion for habeas relief on July 25, 2011, because Jennings failed to show that counsel's performance was deficient and because the challenge to his 120-month sentence had been found meritless by the Sixth Circuit. [Record No. 115] In his current petition, Jennings' claims that, in light of the Supreme Court's recent holding in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2157 (2013), he is actually innocent of the offense of being a "career offender" under 21 U.S.C. § 841(a)(1) and section 4B1.1 of the United States Sentencing Guidelines. Thus, he again argues that his sentence should be reduced.

Because neither the Supreme Court nor the Sixth Circuit have found *Alleyne* to be retroactive, Jennings current claim is suspect. However, before this Court addresses this issue, Jennings must first overcome another hurdle. Because the Court has previously denied habeas relief to Jennings under 28 U.S.C. § 2255, his current motion constitutes a second or successive

---

2  The United States moved for a more definite statement. [Record No. 95] The Court granted the United States' motion [Record No. 96], and Jennings filed a more complete petition on March 28, 2011. [Record No. 102].

motion. *See* 28 U.S.C. § 2244(a).³ Therefore, Jennings' motion is procedurally barred unless the Sixth Circuit determines that he has presented new factual evidence or demonstrated a new rule of constitutional law. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty fo the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). As a result, this Court will transfer the matter to the United States Court of Appeals so that it may determine whether the claim may be presented.

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** as follows:

1. The Clerk of Court is **DIRECTED** to transfer Petitioner David Jennings' current motion [Record No. 142] to the United States Court of Appeals for the Sixth Circuit as a second or successive petition seeking relief under 28 U.S.C. § 2255.

---

3     This statute provides that no district court

> shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2255(a); *see* 28 U.S.C. § 2255(h) (providing standard for certification of second or successive motion).

2.  To the extent that the Petitioner seeks relief from this Court, that request is **DENIED**, in accordance with 28 U.S.C. § 2244(a).

This 18th day of July, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge